**Phill SILVER, etc., Plaintiff,**

**v.**

**Frank M. JORDAN, etc., et al., Defendants.**

**No. 66–1494–AAH.**

United States District Court
Central D. California.

Nov. 4, 1966.

Harvey J. Foster, George H. Murphy, Thomas C. Lynch, Sacramento, Cal., Sanford N. Gruskin, Bruce W. Dodds, Los Angeles, Cal., for defendants.

Phill Silver, Hollywood, Cal., for plaintiff.

ORDER

1) SUSTAINING JURISDICTION OF THREE-JUDGE COURT

2) DENYING DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT

3) DENYING PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION WITHOUT PREJUDICE

4) CONTINUING HEARING ON ORDER TO SHOW CAUSE RE INJUNCTION

Before BARNES, Circuit Judge, and CRARY and HAUK, District Judges.

**628**

PER CURIAM.

The above-entitled action came on for hearing on Friday, November 4, 1966, at 9:00 a. m. in the courtroom of the United States Court of Appeals for the Ninth Circuit, 16th floor, United States Court House, 312 North Spring Street, Los Angeles, California, before the three-judge Court heretofore designated and appointed herein pursuant to applicable statutes, the Honorable Stanley N. Barnes, United States Circuit Judge, and the Honorable E. Avery Crary and A. Andrew Hauk, United States District Judges, presiding, upon plaintiff's First Amended Complaint; upon defendants' Motions To Dismiss First Amended Complaint and the action herein based thereon; upon plaintiff's Application For Preliminary Injunction; and upon plaintiff's Order To Show Cause:

1. Why this three-judge Court should not hear this matter under 28 U.S.C. § 2281;

2. Why a preliminary or permanent injunction should not be issued by this Court to compel the State Legislature to reapportion the State Board of Equalization and redistrict its Districts as prayed for in the First Amended Complaint; and

3. Why a preliminary or permanent injunction should not be issued by this Court to limit to two years the term of members of the State Board of Equalization to be elected in the election to be held next Tuesday, November 8, 1966.

Plaintiff appeared in propria persona.

Defendants appeared by and through Thomas C. Lynch, Attorney General of the State of California by Sanford N. Gruskin and Bruce W. Dodds, Deputy Attorneys General for and on behalf of Edmund G. Brown, Governor of the State of California, Frank M. Jordan, Secretary of State, Thomas C. Lynch, Attorney General, Alan Cranston, Controller, and the State Board of Equalization; and George H. Murphy, Legislative Counsel and Harvey J. Foster, Deputy Legislative Counsel for and on behalf of the State Senate and the State Assembly of the State of California.

Upon argument before the full Court, the Court received in evidence a certified copy of the Petition for Writ of Mandamus and Points and Authorities In Support Thereof, filed July 22, 1966 in the Supreme Court of the State of California by plaintiff in the matter there known as "Galati and Silver, Petitioners, v. Frank M. Jordan, et al., Respondents", Number Sac. 7757, 65 A. C. Minutes, p. 2.

After consideration of all of the pleadings and papers on file and in evidence, including the First Amended Complaint, the Motions to Dismiss First Amended Complaint, the Order to Show Cause and the Points and Authorities submitted herein by plaintiff and by defendants in support of their respective positions; and having heard oral arguments of counsel for both plaintiff and defendants; and having taken the matter under advisement and good cause appearing, the Court now finds and concludes that plaintiff has made a sufficient showing that this Court does have jurisdiction as a three-judge Court over the subject matter of the Cause of Action as alleged and set forth in the First Amended Complaint; that the Motions to Dismiss should be denied; and that, in accordance with the principle and doctrine of abstention from unseemly interference in legislative and judicial functions and activities of the State of California as set forth and enunciated by the Supreme Court of the United States, and as a matter of appropriate and proper comity between the Federal Courts and the State Courts, this Court should not at the present time make any order that might be so construed as to overrule, abrogate or interfere with the action of the Supreme Court of the State of California in "Galati and Silver v. Jordan, et al.", Sac. 7757, 65 A. C. Minutes, page 2, as set forth in the following Per Curiam Order:

"The California Constitution provides that members of the State Board of Equalization shall be elected at each

gubernatorial election. Circumstances do not compel overriding this constitutional plan by limiting the terms of members of the board to be elected in 1966. The petition is therefore denied without prejudice to the right to seek similar relief if the Legislature has not enacted a new districting measure for the State Board of Equalization by the close of its regular 1969 session. (See Silver v. Brown, 63 Cal.2d 316, 318 [46 Cal.Rptr. 531, 405 P.2d 571].) This order is final forthwith."

Additionally, the Court finds and concludes that there has not been a showing by plaintiff sufficient to warrant either a preliminary or a permanent injunction against the defendant State officials and Legislature at this time. Therefore, in the exercise of the sound discretion which it is permitted and obligated to use in an action such as this, which invokes the principles of equitable jurisdiction, this Court should not grant any injunctive relief for the present.

However, this Court further finds and concludes that it has a continuing duty herein to keep a constant vigilance upon State action so as to effectively preserve the constitutional rights of citizens of the United States, under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, to effective and appropriate reapportionment and redistricting of the California State Board of Equalization, a duty which can best be discharged by the order we now enter.

Now, therefore, it is hereby ordered that, in accordance with the foregoing findings of fact and conclusions of law:

1. This three-judge Court has jurisdiction over the parties and subject matter of the action as alleged and set forth in plaintiff's First Amended Complaint.

2. Defendants' Motions To Dismiss are, and each of them is, denied.

3. Plaintiff's Application for Preliminary Injunction is denied without prejudice to its being renewed, along with the Order to Show Cause, both of which, together with all matters and proceedings herein, are hereby continued for further hearing to Friday, October 27, 1967, at 10:00 a. m. in the courtroom of the United States Court of Appeals for the Ninth Circuit, 16th floor, United States Court House, 312 North Spring Street, Los Angeles, California.

4. At least twenty days prior to said date of Friday, October 27, 1967, the attorneys of record for plaintiff and defendants shall serve and file in this Court, in original and four copies, status reports describing and outlining for the Court the action and activities of the defendants in reapportioning and redistricting the State Board of Equalization, including such action and activities taken by the State Senate and the State Assembly during the regular 1967 Session of the California State Legislature.

5. On or before twenty days prior to said date of Friday, October 27, 1967, the attorneys of record for defendants shall file and serve their Answers to plaintiff's First Amended Complaint; and the attorneys of record for both plaintiff and defendants shall file and serve any and all other motions, affidavits, points and authorities and other papers which they may wish the Court to consider in connection with the said hearing of Friday, October 27, 1967.

It is further hereby ordered that the Clerk of this Court this date serve by United States Mail copies of the foregoing Order upon the attorneys of record of the parties appearing in this action.