**Phill SILVER, etc., Plaintiff,**

v.

**Frank M. JORDAN, etc., et al.,
Defendants.**

**No. 66–1494–AAH.**

United States District Court
C. D. California.

Oct. 27, 1967.

---

Phill Silver, Hollywood, Cal., in pro. per.

George H. Murphy, Legislative Counsel, Harvey J. Foster, Deputy Legislative Counsel for Senate & Assembly of State of California, Sanford N. Gruskin, Deputy Atty. Gen., for Governor, Secretary of State, Atty. Gen. Controller & State Board of Equalization, for defendants.

Before BARNES, Circuit Judge, and CRARY and HAUK, District Judges.

PER CURIAM.

Pursuant to Decision and Order heretofore made and entered herein on November 4, 1966, D.C., 263 F.Supp. 627, this matter came on for further and continued hearing Friday, October 27, 1967 at 9:00 a. m. in Courtroom No. 4 of the United States District Court, Central District of California, 2nd floor, United States Court House, 312 North Spring Street, Los Angeles, California, before the three-judge court heretofore designated and appointed herein, the Honorable E. Avery Crary and A. Andrew Hauk, United States District Judges, presiding.*

Status reports have been submitted by counsel for plaintiff and all defendants pursuant to the November 4, 1966 Order. These status reports show, and the Court additionally takes judicial notice, that

the California State Legislature did not act upon redistricting and reapportionment of the State Board of Equalization at its 1967 Regular Session.

The Court further takes judicial notice that the Supreme Court of the State of California in its decision dated October 6, 1967 in the cases of Silver et al. v. Reagan, etc. et al., No.Sac. 7814, and Vickter et al. v. Reagan, etc. et al., No. Sac. 7815, 62 Cal.Rptr. 424, 432 P.2d 26, has required the California State Legislature to reapportion and redistrict the State's thirty-eight Congressional Districts, and setting a December 7, 1967 deadline to redraw the boundaries of the Districts under threat that the Court itself would realign them if the Legislature does not.

We further take judicial notice that the Governor of the State of California has called a Special Session of the State Legislature for November 6, 1967, to consider such reapportionment and redistricting of the thirty-eight Congressional Districts of California.

In view of these facts and in accordance with our previously enunciated concurrence in the "principle and doctrine of abstention from unseemly interference in legislative and judicial functions and activities of the State of California" (Silver v. Jordan, 263 F.Supp. 627, 628, C.D.Cal., Nov. 4, 1966) it is clear that this Court should not, at the present time, make any order that might be so construed as to overrule, abrogate or interfere with any of the following judicial and legislative actions of the State of California:

1. Action of the Supreme Court of the State of California in Galati et al., etc. v. Jordan et al., etc., Sac. 7757, 65 A.C. Minutes, p. 2 (August 31, 1966), as set forth in the following per curiam order:

"The California Constitution provides that members of the State Board of Equalization shall be elected at each gubernatorial election.

---

* Honorable Stanley N. Barnes, United States Circuit Judge, was absent from the Circuit at the time this Order was made.

Circumstances do not compel overriding this constitutional plan by limiting the terms of members of the board to be elected in 1966. The petition is therefore denied without prejudice to the right to seek similar relief if the Legislature has not enacted a new districting measure for the State Board of Equalization by the close of its regular 1969 session. (See Silver v. Brown, 63 Cal.2d 316, 318 [46 Cal.Rptr. 531, 405 P.2d 571].) This order is final forthwith."

2. Possible action of the California State Legislature in Special Session called by the Governor for November 6, 1967 in which the Legislature may decide to take up and effectuate the redistricting and reapportionment of the State Board of Equalization at the same time it takes up and effectuates the redistricting and reapportionment of the thirty-eight State Congressional Districts, pursuant to the Order of the Supreme Court of the State of California of October 6, 1967, Silver et al. v. Reagan, etc. et al., No.Sac. 7814, and Vickter et al. v. Reagan, etc. et al., No.Sac. 7815, 62 Cal.Rptr. 424, 432 P.2d 26.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. All matters and proceedings herein are hereby taken off calendar, subject to being reset for hearing by any party hereto upon 90 days' notice thereof for any Friday at 9:30 a. m. in the Courtroom of the United States Court of Appeals for the Ninth Circuit, 16th floor, United States Court House, 312 North Spring Street, Los Angeles, California.

2. At least twenty days prior to the date of hearing so set and noticed, the attorneys of record for plaintiff and defendants shall serve and file in this Court, in original and four copies, status reports describing and outlining for the Court the actions and activities taken by the California State Supreme Court and by the California State Legislature, including those taken during the Special Session of the Legislature called by the Governor of the State for November 6, 1967, in reapportioning and redistricting the State Board of Equalization.

3. The Clerk of this Court this date shall serve by United States mail copies of the within Order upon the attorneys of record herein.